IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **DEBRA COLLEY,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. _____** |
| | ) | |
| **DICKENSON COUNTY SCHOOL BOARD,** | ) | <u>**JURY TRIAL DEMANDED**</u> |
| | ) | |
| **HAYDEE ROBINSON, Superintendent** | ) | |
| **of Dickenson County Public Schools** | ) | |
| | ) | |
| **SUSAN MULLINS, Member of the** | ) | |
| **Dickenson County School Board** | ) | |
| | ) | |
| **ROCKY BARTON, Member of the** | ) | |
| **Dickenson County School Board** | ) | |
| | ) | |
| **JOHN SKEEN, Member of the** | ) | |
| **Dickenson County School Board** | ) | |
| | ) | |
| **DON RAINES, Member of the** | ) | |
| **Dickenson County School Board** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **R.E. NICKLES, Member of the** | ) | |
| **Dickenson County School Board,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

<u>**COMPLAINT**</u>

COMES NOW, the Plaintiff, Debra Colley, by counsel, and brings this action to redress

the Defendants' deprivation of her rights under the Equal Pay Act, 29 U.S.C. § 206(d)(1), Title

IX, 29 U.S.C. § 1681(a), and the Fourteenth Amendment of the United States Constitution, 42

U.S.C. § 1983.  She also brings a claim under state law for breach of contract.  Plaintiff seeks compensatory and punitive damages, back pay, retirement pay, liquidated damages, attorney's fees and costs.  As for her Complaint against the Defendants, Plaintiff states as follows:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1343, and its pendent jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

2.   Venue is proper in this District under 28 U.S.C. § 1391(b) as the acts and omissions complained of occurred in the Western District of Virginia.

## PARTIES

3.   Plaintiff is a resident of Dickenson County, Virginia.

4.   Defendant Dickenson County School Board ("School Board") is an entity authorized by Virginia law and pursuant to Virginia Code § 22.1-28 is charged with the operation of the public schools in Dickenson County, Virginia.

5.   Defendant Haydee Robinson is the Superintendent for the Dickenson County Public Schools.  She is sued in her individual capacity.

6.   Defendant Susan Mullins is a member of the Dickenson County School Board.  She is sued in her individual capacity.

7.   Defendant Rocky Barton is a member of the Dickenson County School Board.  He is sued in his individual capacity.

8.   Defendant John Skeen was a member of the Dickenson County School Board at all relevant times.  He is sued in his individual capacity.

9.   Defendant Don Raines was a member of the Dickenson County School Board at all

2

relevant times.  He is sued in his individual capacity.

10. Defendant R.E. Nickles is a member of the Dickenson County School Board.  He is sued in his individual capacity.

11. At all times material to the complaint, defendants were acting under color of the statutes and ordinances of the Commonwealth of Virginia and County of Dickenson, and their actions constitute the official policy, practice or custom of the Dickenson County School Board.

12. All the actions, omissions and conduct complained of were undertaken by the Defendants under color of state law.

13. Plaintiff has been, and continues to be adversely affected by the actions of Defendants.

## **STATEMENT OF FACTS**

14. Plaintiff Debra Colley was employed as the Supervisor of Instruction Elementary/Secondary for Dickenson County Public Schools ("DCPS") from 2007 until her retirement in July, 2015. When she was hired, she was one of five employees with the classification of "Supervisor/Central Office" for DCPS.

15. When Ms. Colley was hired, she was told that DCPS did not give credit for past years of experience.

16. Ms. Colley was highly qualified for the position.  Prior to her employment as Supervisor of Instruction Elementary/Secondary for DCPS, Ms. Colley served as the Program Development Coordinator for Southwest Virginia Education and Training Network (SVETN).  SVETN was established in response to a need to increase curriculum offerings in small rural schools throughout southwest Virginia.  It serves the educational needs of thirteen counties in southwestern Virginia, including Dickenson County.

17. For SVETN, Ms. Colley worked in a supervisory capacity, and in her application to DCPS for the Supervisor of Instruction Elementary/Secondary, she detailed her 6.5 years of supervisory experience.

18. Prior to her employment with SVETN, Ms. Colley taught for DCPS for 16.5 years plus 6 years in Buchanan County, VA.

19. Ms. Colley's immediate predecessor at DCPS Central Office, a male, was the highest paid Central Office Supervisor for DCPS, when he retired.  When Ms. Colley was hired and replaced him, the salary was adjusted downward and she became the lowest paid Central Office Supervisor.

20. When she was hired, Ms. Colley was led to believe that all five employees with the contract designation "Supervisor/Central Office" (including Ms. Colley), received similar salaries.  Ms. Colley further understood that DCPS principals, who were under the Central Office Supervisors, received higher salaries than the five Central Office Supervisors.

21. In truth, two of the male Central Office Supervisors received large increases around the time Ms. Colley started with DCPS, and just prior to a new Superintendent, Judy Compton, taking over.  Ms. Colley was not aware of the large discrepancy between her salary and these male Central Office Supervisors. The male supervisor that Ms. Colley replaced had also received large raises in each of the two years prior to his retirement.

22. Shortly after Ms. Colley started her Supervisor position with DCPS, she was advised pursuant to a change in policy that all Principals were under her direct supervision.

23. Ms. Colley expressed her concern over the salary disparity she believed existed between all Central Office Supervisors and DCPS Principals, and Superintendent Compton advised her

4

that she would work on pay scales, which Ms. Colley believed would address the salary issue.

24. On information and belief, another male Central Office Supervisor complained to Superintendent Compton about his salary and received a large increase.

25. Ms. Colley was not aware of any progress being made to align the Central Office Supervisor salaries with those of the principals, so Ms. Colley complained to Superintendent Haydee Robinson during the 2010-2011 school year.  Superintendent Robinson represented to Ms. Colley that she would try to remedy the disparity.

26. No effort was made to raise Ms. Colley's salary to the level of or above DCPS Principal salaries or to the level of the male Central Office Supervisor salaries, which Ms. Colley still did not know were significantly higher than hers.

27. After deciding she would retire at the end of July 2015, Ms. Colley decided to approach the School Board to discuss the fact that the Central Office Supervisors were earning less than DCPS Principals.  To prepare for the meeting, Ms. Colley requested a list of positions and salaries from the Finance Director.

28. When Ms. Colley received the list, she learned that, since 2008, three of the male central office supervisors had been receiving a much higher salary than Ms. Colley.  For the 2015 fiscal year, the salaries were as follows:

Supervisor of Transportation/Maintenance (Burl Mooney, male) - $83,637
Supervisor of Compliance (Mike Setser, male) - $82,017
Supervisor of Personnel/Testing/Federal Programs (Mark Mullins, male) - $82,017
Supervisor of Instruction Elementary/Secondary (Debra Colley, female) - $71,300

29. Three men, who performed work of equal or similar difficulty as Ms. Colley, had been paid more than Ms. Colley and DCPS Principals since 2008, and this information had never been

disclosed to Ms. Colley, despite her discussions with Superintendent Robinson regarding pay disparities between DCPS principals and the Central Office Supervisors.

30. Ms. Colley presented the salary data to the School Board in April 2015.

31. In May 2015, members of the School Board and Superintendent Robinson stated to Ms. Colley that the School Board would correct the pay discrepancy.

32. Following the May 2015 School Board meeting, the School Board attorney contacted Ms. Colley and advised her that the Board had directed him to correct the pay disparity.

33. The Clerk of the School Board calculated the numbers for the School Board Attorney and for Superintendent Robinson.  The total unpaid compensation owed to Ms. Colley for her last eight years of service to Dickenson County was $90,477.73.  The pay disparity affects Ms. Colley's retirement pay, as the retirement pay is based on her three years of highest salary.  The Clerk of the School Board also contacted the Virginia Retirement System to begin facilitating the correction to Ms. Colley's creditable compensation which would adjust her retirement benefits.

34. The School Board Attorney indicated a range of compensation the Board would approve, and prior to the July School Board meeting, Ms. Colley indicated to the School Board Attorney that she would accept anything within the range identified.

35. After the July 2015 School Board meeting, Superintendent Robinson and the School Board, through the School Board attorney, advised Ms. Colley that despite the agreement between Superintendent Robinson, the School Board, and Ms. Colley, the School Board and Superintendent Robinson would not offer any compensation to Ms. Colley, and deliberately chose not to remedy this injustice.

6

36. Upon information and belief, Superintendent Robinson recommended to the School Board that it offer Ms. Colley's preferred successor, a male assistant principal with DCPS, a higher salary than what Ms. Colley would have received had she stayed in the position.  Had Ms. Colley continued, her position was budgeted and contracted for $72,500, while the recommended male successor was budgeted for $74,699.  The School Board agreed to employ the male assistant principal as the new Supervisor of Instruction Elementary/Secondary at the higher salary rate.

37. At all relevant times to this action, the Superintendent, School Board, and individually-named defendants, were responsible for setting and approving all Central Office Supervisor salaries.

38. The acts of defendants as set forth above were willful, wanton, malicious, and oppressive, thus entitling plaintiff to awards of liquidated and punitive damages.

39. As a direct and proximate result of the acts and omissions of the defendants, Ms. Colley has suffered loss of income, loss of retirement income, anxiety, extreme distress, humiliation, loss of enjoyment of life, and other damages.

## CAUSES OF ACTION

### COUNT ONE:  VIOLATION OF EQUAL PAY ACT

**(Against Dickenson County School Board)**

40. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

41. Defendant School Board is an enterprise engaged in commerce or in the production of goods for commerce, as defined in section 3(b) of the Fair Labor Standards Act.

42. Defendant is an "employer" as defined by 29 U.S.C. § 203(d).

43. Plaintiff was an employee engaged in commerce or in the production of goods for commerce.  Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e)(2)(ii).

44. Plaintiff is female.

45. Plaintiff's comparators, the Supervisor of Transportation/Maintenance (Burl Mooney), the Supervisor of Compliance (Mike Setser), and the Supervisor of Personnel/Testing/Federal Programs (Mark Mullins), are male.

46. Defendant School Board discriminated against Ms. Colley by paying lower compensation on the basis of sex for equal work.

47. Ms. Colley performed work which required at least an equal, if not higher, degree of skill, effort, and responsibilities, and was performed under similar working conditions, as the male Central Office Supervisors identified as comparators.  The School Board's unequal payments to its Central Office Supervisors were not made pursuant to a seniority system, merit system, a system which measures earnings by quantity or quality of production, or any factor other than sex.

48. As Central Office Supervisor of Instruction Elementary/Secondary, Ms. Colley was paid less than three male Central Officer Supervisors from 2008 until her retirement in July, 2015. Ms. Colley was paid $71,000 for the 2014-2015 school year.  In contrast, Burl Mooney, Supervisor of Transportation and Maintenance, was paid $83,637.  Mike Setser, Supervisor of Compliance, was paid $82,017, and Mark Mullins, Supervisor of Personnel/Testing/Federal Programs, was paid $82,017.

49. The School Board failed to compensate Ms. Colley comparable to employees who: are of the opposite sex, worked in the same establishment as Ms. Colley, performed work equal or

8

comparable to that of Ms. Colley, held positions that required equal skill, effort and responsibility as Ms. Colley, and performed their work under similar conditions as Ms. Colley.

50. Defendant School Board discriminated against Ms. Colley by paying lower compensation on the basis of sex for equal work.

51. The School Board's conduct was willful, knowing and showed a reckless disregard for whether its conduct was prohibited by the Equal Pay Act.

52. The School Board ignored Ms. Colley's complaints about the disparity in her pay.

53. Plaintiff was damaged by this violation of the Equal Pay Act.  She has suffered loss of income, loss of retirement income, anxiety, humiliation, emotional distress and other damages.

## COUNT TWO:  VIOLATION OF TITLE IX

### (Against Defendant Dickenson County School Board)

54. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

55. The School Board is an "educational institution" under 20 U.S.C. §1681, because it is a public education program which receives financial assistance from the United States government.

56. Ms. Colley was an employee of the School Board and is a woman.

57. The School Board has denied Plaintiff the benefits of an educational activity receiving federal financial assistance by discriminating against Plaintiff with respect to the compensation, terms, conditions, and privileges of her employment because of her female gender, and because she is a woman, in violation of 20 U.S.C. § 1681 *et. seq.*

58. The School Board willfully paid Ms. Colley a substantially lower salary than it paid male colleagues who: performed substantially the same work, had the same level of responsibility and

9

skill as Ms. Colley, and worked under substantially the same conditions.

59. The School Board took this action against Ms. Colley because of her sex.

60. Plaintiff was damaged by this violation of Title IX.  She has suffered loss of income, loss of retirement income, anxiety, humiliation, emotional distress and other damages.

## COUNT THREE: VIOLATION OF 42 U.S.C. § 1983

### (Against all Defendants)

61. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

62. The equal protection clause of the Fourteenth Amendment guarantees Plaintiff the right to equal protection of the laws.

63. Defendants are persons and its actions are under color of state law within the meaning of 42 U.S.C. §1983.

64. 42 U.S.C. §1983 provides a cause of action for the violation under color of law of equal protection rights protected by the Fourteenth Amendment.

65. Plaintiff was subjected to discriminatory treatment based on gender in violation of the equal protection clause of the Fourteenth Amendment when the School Board paid her less than male counterparts.

66. Defendants denied Ms. Colley her right to equal protection of the laws when they paid Ms. Colley less than male counterparts for substantially similar work and when they refused to correct the pay disparity.  These actions violate Plaintiff's right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

67. Defendants unlawfully discriminated against Plaintiff by paying her less than male counterparts, for the same or comparable position in violation of 42 U.S.C. §1983 and her rights

under the equal protection clause of the Fourteenth Amendment.

68. Defendants acted under pretense and color of state law.  Defendants acted willfully, knowingly and with the specific intent to deprive Plaintiff of her constitutional rights secured by 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution.

69. Defendants have acted maliciously and intentionally.

70. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer loss of income, loss of retirement income, emotional pain, suffering and mental anguish, humiliation, embarrassment, and other damages.

### COUNT IV:  BREACH OF CONTRACT

### (Against Defendant Dickenson County School Board)

71. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

72. Plaintiff and Defendant School Board entered into a contract in July, 2015.  Through its agents and representatives, the School Board agreed to compensate Ms. Colley for underpaying her.  Ms. Colley agreed to and accepted the range of compensation offered for the underpayment.

73. The School Board refused to honor its obligation, and breached the contract with Ms. Colley when it refused to pay her any compensation for the underpayment.

74. Ms. Colley has suffered damages resulting from the School Board's breach of contract, and has suffered damages in the amount of $90,477.43 in back pay, as well as loss of retirement income.

WHEREFORE, Plaintiff requests judgment against the Defendants, as follows;

A. For Count I, against Defendant School Board, back pay in the amount of Thirty-six thousand dollars ($36,000.00) and liquidated damages in the amount of Thirty-six

11

thousand dollars ($36,000.00) for its willful violation of the Equal Pay Act;

B.  For Count II, against Defendant School Board, lost income in the amount of ninety-thousand four-hundred seventy-seven and 43/100 dollars ($90, 477.43), loss of retirement benefits in the amount of one-hundred thousand dollars ($100,000.00) and compensatory damages in the amount of five-hundred thousand dollars ($500,000.00);

C.  For Count III, against each Defendant, jointly and severally, compensatory damages in the amount of one million dollars ($1,000,000.00) and punitive damages in the amount of one million dollars ($1,000,000.00);

D.  For Count IV, against Defendant School Board, damages for breach of contract in the amount of $90,477.43 in lost income, and $100,000.00 in lost retirement benefits;

E.  For costs and attorney's fees; and

F.  For such further relief as this Court deems just and proper.

Respectfully Submitted,

**DEBRA COLLEY**

By: /s/ Monica L. Mroz
            Of Counsel

John P. Fishwick, Jr. (VSB #23285)
John.fishwick@fishwickandassociates.com
Monica L. Mroz (VSB #65766)
Monica.mroz@fishwickandassociates.com
Fishwick & Associates PLC
101 South Jefferson Street, Suite 500
Roanoke, Virginia 24011
(540) 345-5890 (telephone)
(540) 345-5789 (facsimile)

*Counsel for Plaintiff*

12