# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **DEBRA COLLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:17CV00003 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DICKENSON COUNTY SCHOOL** | ) | By: James P. Jones |
| **BOARD, ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*John P. Fishwick, Jr. and Monica L. Mroz, Fishwick & Associates PLC, Roanoke, Virginia, for Plaintiff; Jim H. Guynn, Jr., Guynn & Waddell, PC, Salem, Virginia, for Defendant Dickenson County School Board,; Melissa W. Robinson and Johneal M. White, Glenn Robinson & Cathey, PLC, Roanoke, Virginia, for Defendants Susan Mullins and Rocky Barton.*

In this employment discrimination case by a former Virginia public school employee, the plaintiff asserts claims against the school board, the school superintendant, and the individual members of the board, based upon the Equal Pay Act, Title IX, and 42 U.S.C. § 1983, as well as breach of contract. The school board and certain of its members have moved to dismiss pursuant to Rule 12(b)(6). For the reasons that follow, I will deny the motions.

### I.

The Complaint alleges the following facts, which I must accept as true for the purpose of deciding the pending motions.

Plaintiff Debra Colley was employed by Dickenson County Public Schools ("DCPS") as the Supervisor of Instruction Elementary/Secondary from 2007 until July 2015. She was one of five employees classified as Supervisor/Central Office. Colley's predecessor, a male, was the highest paid supervisor for DCPS. When Colley took the position, she became the lowest paid supervisor.

At the time she was hired, Colley was led to believe that all five supervisor positions received similar salaries. However, two of the male supervisors received large salary increases around that time. She was not aware of this discrepancy. Colley also expressed her concern over the disparity in salary between supervisors and school principals, and then-Superintendent Compton advised Colley that she would address the pay scales.[1] Another male supervisor complained to Superintendant Compton about his salary and received a large increase. Colley also complained to the new Superintendent Robinson, who represented to Colley that she would try to remedy the disparity. However, Colley received no salary increase.

Colley planned to retire in July 2015. Prior to her retirement, Colley decided to address the salary issue with the Dickenson County School Board ("School Board"). To prepare for the meeting, Colley obtained a list of DCPS positions and salaries. Colley learned from this list that since 2008, three of the male

---

[1] Superintendant Compton was the former superintendant. Superintendant Robinson, who is a defendant in this suit, is the current superintendant.

supervisors, who performed work of equal or similar difficulty, had higher salaries than Colley. In 2015, the male salaries were each approximately eleven thousand dollars greater than Colley's. Colley presented this salary data to the School Board in April 2015.

In May 2015, members of the School Board, as well as Superintendent Robinson, told Colley that the School Board would correct the pay discrepancy. Following the May 2015 School Board meeting, the School Board attorney advised Colley that the School Board had directed him to correct the salary issue. According to the numbers calculated by the School Board clerk, the total unpaid compensation owed to Colley for her last eight years of employment was $90,477.73. This disparity affects her retirement amount, which is based on her three highest salary years. The clerk also contacted the Virginia Retirement System to begin facilitating the correction to Colley's creditable compensation.

Prior to the July 2015 School Board meeting, its attorney indicated a range of compensation the School Board would approve, and Colley stated that she would accept anything within that range. However, after the July meeting, Superintendant Robinson and the attorney advised Colley that the School Board would not offer her any compensation. Colley's successor, a male, was employed at a salary that was two thousand dollars greater than Colley's at the time of her retirement.

Colley alleges that the Superintendant, the School Board, and the individual members of the School Board, were responsible for setting and approving all supervisor salaries.

## II.

Colley filed her Complaint on March 7, 2017, asserting four claims. Count One is an Equal Pay Act claim brought against the School Board regarding the disparity between Colley's salary and the male supervisors. Count Two is a Title IX claim against the School Board regarding the same salary disparity. Count Three is a Fourteenth Amendment equal protection claim brought pursuant to 42 U.S.C. § 1983 against the School Board, the Superintendant, and members of the School Board in their individual capacities. Count Four is a breach of contract claim under state law against the School Board.

The School Board has moved to dismiss Count Four of the Complaint, and individual defendants Mullins and Barton have moved to dismiss Count Three asserted against them individually for failure to state claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The motions to dismiss have been fully briefed and are now ripe for decision.[2]

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

III.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint. . . ." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992).

In ruling on a motion to dismiss, the court must regard as true all of the factual allegations contained in the complaint, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and must view those facts in the light most favorable to the plaintiff. *Christopher v. Harbury,* 536 U.S. 403, 406 (2002). "Where, as here, the motion to dismiss involves a civil rights complaint, [I] must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Rios v. Veale*, 648 F. App'x 369, 370 (4th Cir. 2016) (unpublished).[3]

---

[3] I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

IV.

A.    DEFENDANTS MULLINS' AND
BARTON'S MOTION TO DISMISS.

In Count Three of her Complaint, Colley asserts that all defendants, acting under color of state law, violated the equal protection clause of the Fourteenth Amendment and 42 U.S.C. § 1983 by discriminating against Colley when they paid her less than her male counterparts for substantially similar work. She further asserts that the defendants acted willfully, knowingly, and with the specific intent to deprive her of constitutional rights.

In order to succeed on a § 1983 claim, a plaintiff must prove the following three elements: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). Section 1983 also encompasses a proximate cause requirement, imposing liability only upon a defendant who "subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights" guaranteed by federal law. 42 U.S.C. § 1983.

To state an equal protection claim under § 1983, a plaintiff must plead sufficient facts to "demonstrate that [s]he has been treated differently from others with whom [s]he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Williams v. Hansen*, 326 F.3d 569, 576 (4th Cir. 2003) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir.

2001)).  Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny.

In their Motion to Dismiss, Mullins and Barton contend that Count Three of the Complaint should be dismissed as against them because Colley failed to allege any specific action taken by them individually.  They argue that in order to establish individual liability under § 1983, a plaintiff must show that "the official charged acted personally in the deprivation of the plaintiff's rights."  *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985).  They further argue that each defendant must have had personal knowledge of and involvement in the alleged violations.  They cite to *Blackman v. Town of Front Royal*, CIV. ACTION NO. 5:99CV00017, 2000 U.S. Dist. LEXIS 17512, at *10-11 (W.D. Va. Oct. 19, 2000), in support of this argument.

In *Blackman*, the plaintiff sued his former employer, the Town of Front Royal, and his supervisor, individually, for alleged race-based employment discrimination.  His supervisor moved for summary judgment on the basis that he could not be held liable in his individual capacity under a § 1981 or 1983 claim.  The court granted summary judgment in favor of the supervisor because "Blackman failed to plead in his complaint any direct involvement of [the supervisor] in the decisions regarding Blackman's wages" and "points to no

evidence that [the supervisor] actually had direct involvement in determining Blackman's wages." *Id.*

There are key distinctions between the case at issue and *Blackman.* First, the court in *Blackman* was ruling at the summary judgment stage, not on a motion to dismiss. Second, the defendant in *Blackman* was a supervisor, not a school board member. The only evidence regarding whether this supervisor had any control over Blackman's salary was a town employee's statement that the supervisor gave the impression he controlled wages. On the contrary, here it is clearly alleged that the School Board determines salaries of DCPS employees and individual board members vote on such issues.

In her Complaint, Colley claims that the individually named defendants, acting under color of state law as School Board members, "were responsible for setting and approving all Central Office Supervisor salaries." Compl. 7, ECF No. 1. Taken as true, if the individual board members approved the higher salaries of Colley's male counterparts and such salaries were notably greater than Colley's, it is at least plausible that the School Board members' decision to approve these higher salaries could be seen as intentional gender discrimination. Therefore, the allegations in Count Three are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Accordingly, Mullins' and Barton's Motion to Dismiss will be denied.

## B.  DEFENDANT DICKENSON COUNTY SCHOOL BOARD'S MOTION TO DISMISS.

In Count Four of her Complaint, Colley contends that the School Board, through its agents and representatives, entered into a contract in July 2015, in which they agreed to compensate Colley for the salary discrepancy between her and the male supervisors.  She claims that the School Board made an offer to her when its attorney presented the amount Colley had been underpaid and indicated the range of compensation the School Board would approve.  Colley asserts that she accepted the range offered by the School Board attorney, and that by refusing to honor the offer and compensate Colley for the underpayment, the School Board breached its contract.  As a result of this breach, Colley claims that she suffered damages in the amount of $90,477.43 (the amount allegedly owed to her for eight years of underpayment), as well as a loss of retirement income.

The School Board argues that the facts alleged in the Complaint do not plausibly support the conclusion that an offer was made or that acceptance occurred.  The School Board also contends that the Complaint fails to allege facts to support any consideration.  Finally, the School Board argues that under Virginia law, any contract allegedly entered into would have been an illegal contract because the School Board never voted in open session to enter into the alleged contract.

In order to succeed on a breach of contract claim under Virginia law, a plaintiff must prove (1) a legally enforceable obligation of a defendant to a plaintiff, (2) a violation or breach of that obligation, and (3) injury or damage to the plaintiff caused by the breach. *See Ulloa v. QSP, Inc.*, 624 S.E. 2d 43, 48 (Va. 2006). To prove a legally enforceable obligation, the plaintiff must prove (1) offer, (2) acceptance, and (3) consideration. *See Montagna v. Holiday Inns, Inc.*, 269 S.E. 2d 838, 844 (Va. 1980) ("[T]here must be a complete agreement which requires acceptance of an offer, as well as valuable consideration.")

   *1. Offer.*

An offer is a "manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Restatement (Second) of Contracts, § 24 (Am. Law Inst. 1981). An offer also "identifies the bargained for exchange." *Chang v. First Colonial Sav. Bank*, 410 S.E. 2d 928, 930 (Va. 1991). The objective theory of contract controls in Virginia. Under this theory, "an offer has been made if a reasonable person in the offeree's position, in view of the offeror's acts and words and the surrounding circumstances would believe that the offeror has invited the offeree's acceptance." *Commonwealth v. Stewart*, No. 04-1409, 2004 WL 3455442, *14 (Va. Cir. Ct. Oct. 22, 2004).

Colley alleges in her Complaint that the School Board's actions of agreeing to correct the pay disparity, calculating the amount of underpayment owed to Colley and presenting this number to her constituted a valid offer. Colley further alleges that the School Board continued to act on this offer by contacting the Virginia Retirement System. She argues that it was reasonable for her to believe, based on these circumstances, that an offer had been made.

The School Board contends that these statements and actions by its clerk and attorney do not constitute an offer because such statements lack the specificity necessary to constitute an offer. However, based on her allegations in the Complaint, I find Colley has set forth sufficient facts from which the trier of fact could conclude that an offer was made.

### 2. *Acceptance.*

In her Complaint, Colley states that "prior to the July School Board meeting, [she] indicated to the School Board Attorney that she would accept anything within the range identified" by the attorney. Compl. 6, ECF No. 1. Colley argues that this constituted valid acceptance. The School Board focuses on the word "would," which it argues indicates that Colley had not yet accepted any alleged offer. However, I find this argument unsuccessful. "The modern test for determining whether there was acceptance (reflecting the objective theory of contract) is whether it would be clear to a reasonable person in the position of the offeror that

there was an acceptance. *Stewart*, 2004 WL 3455442, at *14. Viewing the allegation in the light most favorable to Colley, I think it is sufficient to allow the trier of fact to conclude that a reasonable person in the position of the attorney would have understood that Colley was accepting an offer to pay her an amount within the identified range.

### 3. *Consideration.*

The School Board claims that Colley's Complaint fails to allege any consideration. In her opposition to the School Board's Motion to Dismiss, Colley argues that the consideration was her forbearance of the right to pursue legal action against the School Board. Indeed, it is well settled that forbearance, or the promise of forbearance, to prosecute a well-founded claim is sufficient consideration for a contract. *See Hoof v. Paine*, 2 S.E. 2d 313 (Va. 1939). Although the School Board is correct in asserting that Colley failed to specifically allege such consideration in her Complaint, I find that the facts tend to demonstrate a fair inference that she was giving up a claim in consideration for the agreement to compensate her for the salary disparity.

### 4. *Virginia Statutory Requirements for Public Bodies.*

Finally, the School Board argues that even if a contract was formed, it would not be enforceable because the School Board did not vote to approve any such contract in open session, which is required under Virginia law.

Code of Virginia § 2.2-3710 prohibits any transaction of public business to be authorized unless pursuant to a vote taken in open session. Section 2.2-3711 allows public bodies to hold closed meetings to, among other things, discuss or consider salaries. Va. Code Ann. § 2.2-3711(A)(1). However, any "contract . . . adopted, passed or agreed to in a closed meeting shall [not] become effective unless the public body, following the meeting, reconvenes in open meeting and takes a vote of the membership on such . . . contract, . . . that shall have its substance reasonably identified in the open meeting." Va. Code Ann. § 2.2-3711(B).

The School Board argues that Virginia law precludes the School Board from entering into a contract concerning Colley's salary except by vote at a public meeting, and that no record of a vote specifically approving the alleged contract with Colley exists.

Relying on the minutes from the May 27, 2015 School Board meeting, Colley asserts that the School Board did, in fact, discuss the salary issue in closed session and voted in open session to "accept the retirement requests as presented." Pl.'s Opp'n to Defs.' Mot. to Dismiss, Ex. 1, ECF No. 17.[4]

---

[4]    While normally the court may not consider factual matters outside the Complaint, where a later-submitted document is implicit in the Complaint's allegations and whose authenticity is uncontested, the court may consider it. *See Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995).

In response, the School Board argues that acceptance of Colley's "retirement request" and acceptance of the purported contract is not the same thing. It contends that "[p]ublic acceptance of retirement is virtually guaranteed and is no more than a gesture of gratitude." Reply in Supp. of Mot. to Dismiss, 2, ECF No. 23. This argument, however, suggests that the vote was just as likely for something other than mere acceptance of her retirement status. If public acceptance of retirement is "guaranteed," then it is unclear why the School Board would need to vote on such an action.

Accordingly, I find that this factual issue precludes granting the School Board's Motion to Dismiss.

V.

For the foregoing reasons, it is **ORDERED** that Defendant Dickenson County School Board's Motion to Dismiss (ECF No. 13) is DENIED, and individual Defendants Mullins' and Barton's Motion to Dismiss (ECF No. 18) is DENIED.

ENTER: October 5, 2017

/s/ James P. Jones
United States District Judge