# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **DEBRA COLLEY,** | |
| Plaintiff, | Case No. 2:17CV00003 |
| v. | **OPINION AND ORDER** |
| **DICKENSON COUNTY SCHOOL BOARD, ET AL.,** | By: James P. Jones<br>United States District Judge |
| Defendants. | |

*John P. Fishwick, Jr. and Monica L. Mroz, Fishwick & Associates PLC, Roanoke, Virginia, for Plaintiff; Jim H. Guynn, Jr., Guynn & Waddell, P.C., Salem, Virginia, for Defendant Dickenson County School Board, Haydee Robinson, John Skeen, Don Raines, and R.E. Nickles; Melissa W. Robinson and Johneal M. White, Glenn Robinson Cathey Memmer & Skaff, PLC, Roanoke, Virginia, for Defendants Susan Mullins and Rocky Barton.*

In this employment discrimination case, the defendants have filed objections to the Memorandum Order of the magistrate judge dated November 21, 2017, ECF No. 40, on a nondispositive matter. The issue involved motions to quash by the defendants of a subpoena served on an attorney for the Dickenson County School Board, with the defendants contending that certain of the documents sought by the subpoena were privileged under the attorney-client privilege or the attorney work-product doctrine.

The magistrate judge denied the motions to quash on the ground that the defendants had not met their burden to show that the documents in question were

in fact subject to the privileges, since they had not provided any evidence as to what in fact the documents said, and simply made the conclusory statement that they were protected. In their objections, the defendants argue that the court could infer the subject matter of the documents, based upon the allegations of the Complaint. In addition, they contend that the privilege log produced was prima facie evidence of privilege. Finally, as an alternative, they request that this court permit the submission of the documents in question for an in camera inspection.[1]

It is within my discretion to receive and consider additional evidence when considering objections to nondispositive decisions by a magistrate judge. *United States v. Caro*, 461 F. Supp. 2d 478, 480 n.2 (W.D. Va. 2006). In deciding matters of privilege, it is often appropriate for the court to review the disputed documents in camera. *See United States v. Zolin*, 491 U.S. 554, 568-69 (1989). Such review by itself does not terminate the privilege. *Id.* at 568.

Accordingly, in connection with my consideration of the objections to the magistrate judge's decision, I will direct the defendants to provide copies of the allegedly privileged documents to me for my in camera review.

It is **ORDERED** that the defendants forthwith submit to the chambers of the undersigned, without filing on the record, the documents in dispute.

---

[1] The plaintiff also suggested this alternative in her brief to the magistrate judge in opposition to the motions to quash. Opp'n Defs.' Mots. to Quash 12, ECF No. 36.

ENTER: December 18, 2017

/s/ James P. Jones
United States District Judge