# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **DEBRA COLLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:17CV00003 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DICKENSON COUNTY SCHOOL** | ) | By: James P. Jones |
| **BOARD, ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*John P. Fishwick, Jr., Fishwick & Associates PLC, Roanoke, Virginia, for Plaintiff; Jim H. Guynn, Jr., Guynn & Waddell, P.C., Salem, Virginia, for Defendant Dickenson County School Board.*

In this action by a former public school employee claiming gender-based pay discrimination, the matter now before the court is the Plaintiff's Second Motion to Compel Discovery. The primary issue is whether certain documents subpoenaed by the plaintiff from lawyers who had advised defendant Dickenson County School Board ("School Board" or "Board") are privileged from disclosure. A second issue is whether the defendant is obligated to produce additional unprivileged documents which the defendant contends are not relevant to the plaintiff's claim.

I.

The attorney privilege issue has an involved history in the case, made more prolonged and difficult by inadequate attention to the matter by defense counsel

and plaintiff's counsel's insistence on pursuing an issue disproportionate to its importance and the cost to the parties and judicial resources. This history is as follows.

The plaintiff, Debra Colley, was employed by the School Board from 2007 to her retirement in 2015, as one of a small group of supervisors in the school division's Central Office. In April of 2015 Colley announced her intention to retire. Before she left, she complained to the Board that she had recently learned that her salary during her tenure had been lower than comparable male supervisors. The Board's staff developed options for a financial settlement with Colley, which were discussed with her. Eventually, however, the Board took no action on Colley's request and she voluntarily retired as scheduled on July 31, 2015. This lawsuit was thereafter filed on March 7, 2017. In her Amended Complaint, Colley sued the Board and all of its five members, as well as the division superintendent, Haydee Robinson. As a result of a recent summary judgment ruling by the court, *Colley v. Dickenson Cty. Sch. Bd.*, No. 2:17CV00003, 2018 WL 4266864 (W.D. Va. Sept. 6, 2018), the only remaining defendant is the School Board, facing claims under the Equal Pay Act and Title IX of the Educational Amendments of 1972. Discovery has long been closed in the case, but this privilege issue lingers on.

Two lawyers' communications are involved. One, Scott Mullins, served as the regular, but part-time, attorney for the School Board. He advised the Board about the claim made by Colley and discussed with her on behalf of the Board a possible settlement. The other lawyer, Paul Beers, was consulted for advice by Mullins after suit was filed and was paid for his services by the School Board. Neither lawyer has appeared as counsel in this action.

The record indicates that on August 14, 2017, the plaintiff served discovery requests on Superintendant Robinson, then a defendant in this action, and represented in the case by the same law firm as represents the School Board. The plaintiff sought in Interrogatory No. 18 the identification and description of all communications to and from Board attorney Mullins regarding the plaintiff's compensation, including her claims of pay disparity. The plaintiff also sought production in Request for Production No. 14 all documents to and from Mullins concerning the plaintiff's compensation.

In addition to the discovery requests to Superintendant Robinson, the plaintiff served a subpoena on Mullins, demanding production of all documents regarding the plaintiff dated between January 1, 2015, and August 1, 2015. The Board and the other defendants filed motions to quash the subpoena and in support of those motions, a privilege log prepared by Mullins was submitted. The magistrate judge denied the motions to quash. Mem. Order, Nov. 22, 2017, ECF

No. 40.  On objections by the defendants, I vacated the magistrate judge's order and granted the motions to quash, after having reviewed in camera the documents listed on the privilege log.  Op. & Order, Apr. 18, 2018, ECF No. 64.

In the meantime, the discovery request served on Superintendant Robinson had not been fully complied with, and on January 19, 2018, the plaintiff filed a Motion to Compel, which was heard by the magistrate judge on February 9, 2018, and partially granted by her.  The magistrate judge ordered the production of all documents by Robinson that were <u>not</u> included on the Mullins privilege log previously submitted.  Mem. Order, Feb. 12, 2018, ECF No. 52.  Unfortunately, that privilege log only covered communications up to July 21, 2015, while the document request had no ending date.  Accordingly, without objection by defense counsel, and in accord with the magistrate judge's order, Superintendant Robinson produced privileged documents from attorney Mullins dated between December 16, 2015, and April 14, 2016, which documents included defense strategy and advice to the Board.   Pl.'s Mem. Supp. Mot. Reconsider Exs. E, F, G, H, I, J, K, ECF Nos. 70-5, -6, -7, -8, -9, -10, -11.  Robinson even produced privileged emails to and from the law firm representing her in this case, which emails were created

after the present lawsuit was filed.  Fishwick Letter Suppl. Exs. A & B, ECF No. 112.[1]

Later, after a hearing, I granted a Motion for Reconsideration filed by the plaintiff as to the subpoena to Mullins and denied the motions to quash on the sole ground that the later production by Robinson constituted a waiver of the privileges as to the earlier documents.  Oral Order, July 17, 2018, ECF No. 87.  Waiver had not been an argument previously asserted by the plaintiff, but I excused any default on the ground that the plaintiff did not have knowledge of the factual basis for waiver prior to the magistrate judge's decision and the Motion for Reconsideration.  However, I pointed out that having reviewed in camera the disputed material, I did not find any communication that would be helpful to the plaintiff or detrimental to the defendants and I urged plaintiff's counsel to be proportionate in their discovery efforts.

In the meantime, the plaintiff served a new subpoena on attorney Mullins, seeking later-created documents from August 2, 2015, to the present.  The plaintiff also served a subpoena on attorney Beers, seeking similar documents created from April 2015 to the present.  The attorneys did not produce any documents in

---

[1] Defense counsel admitted that he had "dropped the ball" by not realizing that the result of the magistrate judge's order would be the production of privileged material.  Tr. 12, July 17, 2018, ECF No. 95.  "But, you know, again, I can't – I'm not going to stand here and tell you, gee, it's the staff or whatever.  I'm the captain of the ship and I missed seeing them." *Id.* at 14.  Owning up is part of a lawyer's duty to the court, and is commendable.

response to the subpoenas, and as a result the plaintiff filed the present Second Motion to Compel Discovery. In connection with the second subpoena on Mullins, he produced a second updated privilege log listing claimed attorney-client or work product privileged documents from August 2, 2015, up to June 30, 2018. Pl.'s Mem. Ex B, ECF No. 102-2. The parties are uncertain whether attorney Beers possesses any requested documents. It is represented by the plaintiff that Mullins communicated with Beers to obtain outside legal advice on the case and that the School Board paid Mr. Beers about $1,500. Tr. 17, 18, July 17, 2018, ECF No. 102-3. Moore's privilege log does show two emails from him to Beers, one on March 15, 2016, and the other on March 16, 2016, shortly after the present lawsuit was filed. No other communications to or from Beers are listed on Mullins' updated privilege log.

II.

The plaintiff does not dispute that the documents sought are privileged. Rather, the issue is the plaintiff's contention that the privileges asserted have been waived, in light of my earlier oral ruling that the first subpoena served on attorney Moore was enforceable because of waiver. In other words, assuming that there was a waiver of privilege of the communications to and from attorney Mullins because of the earlier disclosure of privileged material by Superintendent Robinson

— as I held — does that waiver bar the assertion of privilege for later-created material to and from attorney Mullins and attorney Beers?

"The burden is on the proponent of the attorney-client privilege to demonstrate its applicability . . . . and that the privilege was not waived." *United States v. Jones (In re Grand Jury Subpoena)*, 696 F.2d 1069, 1072 (4th Cir. 1982). "As a general rule, implied waiver occurs when the party claiming the privilege has made any disclosure of a confidential communication to any individual who is not embraced by the privilege. Such a disclosure vitiates the confidentiality that constitutes the essence of the attorney-client privilege." *United States v. Under Seal (In re Grand Jury Subpoena)*, 341 F.3d 331, 336 (4th Cir. 2003) (citation omitted).

Federal Rule of Evidence 502(b) provides that a disclosure of material protected by attorney-client privilege or work-product doctrine made in a federal proceeding "does not operate as a waiver" if "(1) the disclosure is inadvertent; (2) the holder of the . . . protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)."

There is little authority as to the definition of an "inadvertent disclosure" under the meaning of Rule 502. *See Francisco v. Verizon S., Inc.*, 756 F. Supp. 2d 705, 718 (E.D. Va. 2010) (observing that "[f]ew cases in the Fourth Circuit address

what constitutes inadvertent disclosures, or even explicitly define the term 'inadvertent'" (citing cases)). The Advisory Committee notes to Rule 502 elaborate as to the question of waiver generally, but they fail to provide any guidance as to the meaning of the term "inadvertent." "Inadvertence" has been defined as "[a]n accidental oversight; a result of carelessness." *Inadvertence*, *Black's Law Dictionary* (10th ed. 2014); *see also Francisco*, 756 F. Supp. 2d at 719.

Even assuming that Robinson's disclosure was inadvertent, I cannot find that counsel for the School Board took reasonable steps to prevent or rectify the error.

Once a waiver has been determined, it is generally held that it applies to all other communications on the same subject matter. Edna Selan Epstein, *The Attorney-Client Privilege and the Work Product Doctrine* 378 (4th ed. 2001). The scope of the "same subject matter" has not been precisely defined, *Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 288-89 (E.D. Va. 2004), but it should be interpreted rather narrowly, *see United States v. (Under Seal) (In re Grand Jury 83-2 John Doe No. 462)*, 748 F.2d 871, 875 n.7 (4th Cir. 1984) (stating that other documents must be "directly related to the [disclosed subject]." It has been suggested that in applying the appropriate limitation, the court should consider, among other things, the risks to the interests protected by the privilege as well as the prejudice that might result if disclosure were not to occur. *United States v. Skeddle*, 989 F. Supp. 917, 919 (N.D. Ohio 1997).

I find that there must be production of all of the claimed privileged documents created <u>prior to the date of the filing of the present action</u>. Any documents after the date of filing would clearly contemplate a different purpose and subject matter, even though they may be related to the pretrial communications. Moreover, disclosing attorney-client communications and attorney work-product occurring after the lawsuit was filed would create an intolerable risk to the interests for which these privileges were intended and would provide little, if any, prejudice to the opposing party. Moreover, the prior inadvertent disclosure does not support such expanded disclosure based on fairness and the small likelihood that such discovery would produce relevant information. *See Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am.*, 254 F.R.D. 216, 217 (E.D. Pa. 2008) (finding that interests of justice must be taken into account in determining disclosure of privileged material).[2]

### III.

The present motion also seeks an order requiring the School Board to produce personnel documents relating to George Brian Baker, a Board employee, pursuant to the plaintiff's requests for production numbered 19 and 20, to which

---

[2] I suspect that the plaintiff has gone to such lengths to obtain privileged material because she hopes she can find a document from the lawyers advising the Board that they were at fault, which the Board ignored, thus showing willfulness and providing a basis for enhanced damages. Perhaps such a document exists, but I doubt it. It certainly did not appear in the documents that I earlier reviewed in camera.

9

the Board objected. For the reasons stated in the plaintiff's motion, I agree that this information is relevant to the plaintiff's claims and proportional to the needs of the case and should be produced. *See* Fed. R. Civ. P. 26(b)(1). However, the documents likely contain sensitive information regarding the employee, and I will direct that they be kept confidential once produced.[3]

IV.

For the reasons stated, it is **ORDERED** as follows:

1. Plaintiff's Second Motion to Compel Discovery, ECF No. 101, is GRANTED in part;

2. Defendant School Board must obtain and produce to plaintiff's counsel all documents requested in the subpoena dated June 14, 2018, directed to Scott Mullins, and created prior to March 7, 2017;

3. Defendant School Board must obtain and produce to plaintiff's counsel all documents requested in the subpoena dated June 26, 2018, directed to Paul Beers, and created prior to March 7, 2017; and

4. Defendant School Board must produce to plaintiff's counsel all documents in response to requests for production numbered 11, 12, 13, 19, and 20

---

[3] In the plaintiff's brief in support of its Second Motion to Compel, it also seeks an order directing the Board to provide supplemental production of certain nonprivileged documents dated March 7, 2017, to the present — that is, after the present law suit was filed. While this issue was not addressed at oral argument, I find such discovery relevant and proportionate, and will order such production.

of plaintiff's Second Request for Production not previously produced, provided that all documents produced in response to requests numbered 19 and 20 must be kept completely confidential by the plaintiff and her lawyers in this case and not disclosed in whole or in part in any manner or form whatsoever to any other person, except that necessary disclosure may be made to employees of plaintiff's counsel in the normal course of their employment solely for the purposes of this case, provided such employees are first made aware of this confidentially order and agree to be bound by it. All such confidential documents must be returned to counsel for the School Board at the conclusion of this case or any appeal thereof.

ENTER: October 29, 2018

/s/ *James P. Jones*
United States District Judge